# Gandy *v.* The State.

| 82 | 61 |
| o126 | 613 |
| 126 | 615 |

*Indictment for Illegal Voting.*

1. *Illegal voting; what elections are within statute* —The statute which prohibits illegal voting, "at any election held in this State" (Code, § 4289), includes a local election held under statutory provisions to ascertain the sense of the people on the subject of prohibiting the sale of intoxicating liquors.

2. *Same; forgetfulness, legal advice, etc , as excuses.*—It is no defense to a prosecution for illegal voting, against a person who had been disfranchised by a conviction for larceny, that he had forgotten the fact; nor that he had been advised by friends, or by legal counsel, that there was no record of his conviction on the court dockets.

3. *Sufficiency of indictment.*—An indictment which charges that the defendant, having been convicted of larceny, "unlawfully voted (12) in said county, on the 13th December, 1886," is demurrable for uncertainty, because it does not describe or sufficiently identify the character of the election.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged, in a single count, that the defendant, Mitch. Gandy, "having been convicted of larceny in the County Court of Butler county, Alabama, unlawfully voted at a special election held in and for precinct number twelve (12), at Greenville in said county, on the 13th day of December, 1886; against the peace," &c. The defendant demurred to the indictment, "because it does not show for what purpose said election was held, nor does it show what was voted for at said election." The court overruled the demurrer, and the defendant pleaded not guilty. On the trial, as appears from the bill of exceptions, the State proved that the defendant "voted at an election held in said county on the 13th December, 1886, under an act of the legislature;" and that he was warned not to vote, because he had been convicted of larceny. His conviction for petit larceny, on the 10th August, 1881, was proved by the trial docket of the County Court, which contained an entry in these words: "*The State v. Mitch. Gandy.* Petit larceny. Defendant pleads guilty. Fine one cent, and

[Gandy v. The State.]

costs; and judgment for stolen property, $7.50. Judgment, fine and costs paid, and defendant discharged." The defendant "offered to introduce evidence showing the fact that he was ignorant, by reason of having forgotten it, of having ever been convicted of larceny;" also, "that he was advised by friends he was entitled to vote;" and that he consulted an attorney, who examined the records of the County Court for him, but failed to find the conviction for larceny, though he found a conviction for adultery, and told defendant that it did not disfranchise him. On objection by the State, the court excluded each part of this evidence as offered, and the defendant excepted.

D. M. POWELL, with GAMBLE & RICHARDSON, for the appellant, cited *Carter v. State*, 55 Ala. 181; *Gordon v. State*, 52 Ala. 308; Bish. Stat. Crimes, § 824; McCrary on Elections, § 473; Clark's Manual, § 1773; 9 Metc. 268; *Nettles v. State*, 49 Ala. 35.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—1. There can be no doubt of the fact, the defendant's conviction of petty larceny operated, under the constitution and laws of this State, to disfranchise him, and that he was thereby disqualified to vote at any election, general or special, held under the authority of such laws. The language of the statute is broad enough to embrace, and in fact does *in ipsis verbis* embrace, "any election held in this State," which would include a special or local election held under the authority of a State law to ascertain the sense of the people on the subject of prohibiting the sale of intoxicating liquors, like the one here in question held under the act of November 27, 1886.—Acts 1886-87, pp. 706–708; Code, 1876, § 4289; Const. 1875, Art. VIII, § 3; *Washington v. State*, 75 Ala. 582; *Anderson v. State*, 72 Ala. 187.

2. It would be no defense to the charge of illegal voting, that the defendant, in this case, had forgotten the fact of his conviction, or may have been advised by friends, or legal counsel, that there was no record of it upon the court dockets. The fact is one fixed and unqualified in its nature, and admitting of no ambiguity of legal signification, so that the law fastened on him an unconditional knowledge of it, conclusive against any proof to the contrary, as an irrebuttable legal presumption. The case is unlike that of *Gordon v. State*, 52 Ala. 308, where the law did not impute to the defendant a knowledge of the disqualifying fact, and he enter-

tained an honest and reasonable belief of its non-existence.

3.    The indictment was, however, objectionable on the ground of uncertainty, the offense not being described with sufficient particularity.    It should have stated, that the election was one held under the authority of the act approved November 27th, 1886, and in the manner and on the question there authorized to be submitted; or have otherwise sufficiently indentified the character of such election. *Grattan v. State*, 71 Ala. 344, and cases there cited; *Russell v. State, Ib.* 348; *Quinn v. State*, 9 Amer. Rep 754.

The judgment is reversed, and cause remanded.    The defendant will, in the meanwhile, be held in custody until discharged by due process of law.