# Gandy *v.* The State.

*Indictment for Illegal Voting.*

1. *Amendatory laws, under constitutional provisions.*—The constitutional provision prohibiting the amendment of a law "by reference to its title only," and requiring that the law or section to be amended "shall be re-enacted and published at length" (Art. IV, § 2), applies only to laws which are strictly amendatory or revisory in their character, and which are usually unintelligible without reference to the former law; a law which is original in form, and complete and intelligible of itself, does not fall within the spirit and meaning of the provision, although it may by implication repeal, in whole or in part, some other law; and if the title, while setting out the subject-matter of the law clearly and fully, also purports to amend partly some other law, which, though not mentioned, would be repealed by implication to the extent specified, this part of the title will be rejected as surplusage.

2. *Same; act of November 27, 1886, providing for local election in Butler county on adoption of prohibitory liquor law.*—The local statute approved November 27, 1886, entitled "An act to amend an act approved December 12, 1882, to amend section 1544 of the Code of Alabama so far as applies to Butler county, so as to authorize the probate judge of said county to order an election to determine whether spirituous, vinous or malt liquors, or intoxicating beverages, or intoxicating preserved fruits, shall be sold, given away, or otherwise disposed of in precinct twelve of said county" (Sess. Acts 1886-7, pp. 706-08), is a complete and intelligible legislative act in itself, without reference to the law which it purports to amend; and the former part of the title being struck out as surplusage, effect will be given to it as an original act.

[Gandy v. The State.]

3. *Illegal voting; forgetfulness, legal advice, &c., as excuses.*—It is no defense to a prosecution for illegal voting, against a person who had been disfranchised by a conviction for larceny (Code, § 4289) that he had forgotten the fact; nor that he had been advised by friends, or by legal counsel, that there was no record of his conviction on the court dockets.

4. *Irrelevant evidence in rebuttal.*—When irrelevant evidence has been introduced by the defendant without objection, the prosecution may introduce, in rebuttal, other evidence relating to the same subject-matter, though in itself irrelevant.

4. *Proof of records of County Court.*—The defendant's conviction of larceny, by judgment of the County Court, may be proved by the trial docket of that court, when it is shown to be the only book of record of the court, and the one in which the final record of its judgments was kept.

6. *Conviction of larceny, under prosecution for receiving stolen goods.* A judgment of conviction of larceny, under a prosecution for receiving stolen goods, though erroneous, and reversible on appeal, is not void, and can not be collaterally assailed, when offered in evidence against the defendant on a prosecution for voting illegally subsequent to such conviction.

FROM the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

JOHN GAMBLE, for the appellant, cited *Tusk. Bridge Co. v. Olmstead*, 41 Ala. 9; *Rogers v. Torbut*, 58 Ala. 533; *Dane v. McArthur*, 57 Ala. 448; 1 Bish. Crim. Law, § 287; *Stein v. State*, 37 Ala. 123; *Allen v. State*, 52 Ala. 391.

THOS. N. McCLELLAN, Attorney-General, *contra*, cited *Ex parte Pollard*, 40 Ala. 77; *Stein v. Leeper*, 78 Ala. 517; *Ballentine v. Wickersham*, 75 Ala. 533; *Gandy v. State*, 82 Ala. 61.

SOMERVILLE, J.—The indictment, in due form, charges the defendant with having voted illegally at a special election held in Butler county, under the authority of an act approved November 27, 1886, providing for the expression of the popular voice in that county on the subject of adopting or rejecting a prohibitory liquor law. The defendant assails the constitutionality of this act, as violative of section 2 of Article IV of the Constitution of Alabama, which provides, that "each law shall contain but one subject, which shall be clearly expressed in its title"; and that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length."—Const. 1875, Art. IV, sec. 2.

[Gandy v. The State.]

On December 12, 1882, the General Assembly had amended section 1554 of the Code of 1876, so far as applicable to Butler county, so as to prohibit the granting of any license by the probate judge to sell vinous, spirituous or malt liquors in that county, unless on the recommendation of a majority of the qualified voters residing in the election precinct where the applicant desired to sell such liquor.—Acts 1882-83, p. 272. The act here assailed is entitled "An act *to amend an act*, approved December 12, 1882, to amend section 1544 of the Code of Alabama, so far as applies to Butler county, Alabama, *so as to authorize* the probate judge of said county to order an election to determine whether spirituous, vinous or malt liquors, or intoxicating beverages, or intoxicating preserved fruits, shall be sold, given away, or otherwise disposed of in precinct 12 of said county." After this title follows a law original in form, and complete in itself, in nine sections, providing for the details of an election to be ordered by the probate judge, to determine the question of "prohibition" or "no prohibition" in precinct 12 of said county of Butler, and making it unlawful to grant licenses under the general law to sell any liquors of an intoxicating character in such precinct, in the event that a majority of the electors, voting at such election, should vote for "prohibition."

If the first part of the foregoing act, which purports to be amendatory, had been omitted, or if we now were permitted to expunge it, there could be no doubt as to the constitutionality of the law. It would be no objection, that it amended, or repealed by implication, several sections of the Code, without referring to them in any manner, or publishing them at length as amended. The constitutional provision in question (Art. IV, sec. 2), as said in *Ex parte Pollard*, 40 Ala. 77; 100, and often since reiterated in substance, "reaches those cases where the act is strictly amendtory or revisory in its character. Its prohibition is directed against the practice of amending or revising laws by additions, or other alterations, which, without the presence of the original, are usually unintelligible. If a law is itself complete and intelligible, and original in form, it does not fall within the meaning and spirit of the constitution."—*Falconer v. Robinson*, 46 Ala. 340; 3 Brick. Dig. 133, §§ 88 *et seq.;* Cooley's Const. Lim. (5 Ed.), *152.

It was said by Judge Cooley, in construing a similar clause in the constitution of Michigan, in *The People v.*

[Gandy v. The State.]

*Mahaney*, 13 Mich. 481, 497: "The mischief designed to be remedied was the enactment of amendatory statutes, in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act, which purported only to insert certain words, or to substitute one phrase for another, in an act or section which was only referred to, but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But", he concludes, "an act, complete in itself, is not within the mischief designed to be remedied by this provision, and can not be held to be prohibited by it without violating its plain intent." This view is generally sustained by the adjudged cases: *Stewart v. Court of County Commissioners*, 82 Ala. 209; *Lehman v. McBride*, 15 Ohio St. 572, 605; *Shields v. Bennett*, 8 West Va. 74, 88; *Home Ins. Co. v. Taxing District*, 4 Lea (Tenn.), 644; Cooley's Const. Lim., *151-*152.

The act under consideration being original in form, and complete and independent in itself, is not, therefore, repugnant to the section of the constitution above quoted, provided there be unity in the subject of the law, and that subject is "clearly expressed in its title." If the law were entitled an act to authorize the probate judge of Butler county, Alabama, to order an election to determine whether spirituous and other named liquors shall be sold, or otherwise disposed of, in precinct 12 of said county—as the latter part of the title purports to do—it would be unobjectionable on any constitutional ground. This title would express the true purpose and object of the law in language free from all ambiguity.—*Ballentine v. Wickersham*, 75 Ala. 533. Is it vitiated by the fact, that the title purports to amend the general law precisely to this extent? A casual inspection of the whole law, title and act together, shows plainly that the only amendment intended is one by implication, effected by an original law, complete in form and substance— such as we have shown is not prohibited by any clause of the constitution. The title of the act, taken alone, also shows this intent clearly. The old law is to be amended, not strictly or technically, but by implication merely, so as

[Gandy v. The State.]

to authorize a specific purpose to be accomplished through the medium of new legislation. The first part of the title, therefore, is surplusage, and may be rejected as such. It does not 'change the purpose of the law, nor destroy the unity of the subject.—*Stcin v. Leeper*, 78 Ala. 517. The law, as it was before the new act, would have been incidentally amended, whether the title had so proclaimed it or not.

We can well see that some plausible reasons can be advanced in support of a different construction of the constitutional clause we are considering; but we consider the view above adopted as more conservative, and less embarrassing to legislation, while, at the same time, it fully meets the mischief intended to be remedied by the adoption of the clause in question.

When this case was last before us we held, that it was no defense to the charge of illegal voting, that the defendant had forgotten the fact of his conviction of petit larceny, which disqualified him to exercise the right of an elector, or that he may have been advised by friends, or by legal counsel, that there was no record of the conviction upon the court dockets; and that he voted under this advice, honestly believing that he had a lawful right to vote. We said: "The fact [of conviction] is one fixed and unqualified in its nature, and admitting of no ambiguity of legal signification, so that the law fastened on him [the defendant] an unconditional knowledge of it, conclusive against any proof to the contrary, as an irrebuttable legal presumption."—*Gandy v. The State*, 82 Ala. 61. The result of this decision is, that the defendant, having been convicted of larceny, was conclusively bound to know and remember the fact, as fully as he was bound to know the legal effect of such conviction, which was to disqualify him to exercise the right of suffrage.

The rulings of the court on the charges given and refused conform to the principles announced in that case, and are free from error.

There is much of the evidence in the present case introduced by the defendant, which could well have been excluded; but no objection seems to have been interposed to it. This irrelevant evidence has, consequently, justified the introduction of other evidence by way of rebuttal, touching the same subject-matter, which itself would otherwise have been irrelevant.—*Ford v. The State*, 71 Ala. 385.

[Gandy v. The State.]

There was no error in admitting in evidence the entry upon the trial docket of the County Court, showing the conviction of the defendant of petit larceny, on his plea of guilty, on August 10, 1881; which disqualified him to exercise the right of an elector, under the provisions of the State constitution.—Constitution 1875, Art. VIII, sec. 3; *Washington v. State*, 75 Ala. 582; s. c., 51 Amer. Rep. 479. This docket was shown to be the only book of record of the County Court, and the one in which the final record of judgments in that court was kept. The fact that the original papers, containing the indictment or charge, were shown to have been lost, was a sufficient excuse for their non-production, even if they were otherwise requisite to a proper understanding of the judgment of conviction based on them.

A like observation applies to the entry on the same docket, of the second conviction of petit larceny, on April 21, 1883. This record shows that the defendant was charged with receiving stolen property, but, by the judgment of the court, he was found guilty of petit larceny. It may be that the judgment was erroneous, and could have been reversed on appeal; but it was not void, and could not be collaterally assailed upon the trial of this cause.

The entry showing the conviction of the defendant for living in adultery would clearly have been inadmissible in evidence, but for the fact that the defendant had himself introduced evidence of this conviction, as found on the docket after search made by his counsel. He had attempted to show that he believed that he had been convicted only of living in adultery, and not of larceny; and direct reference had been made to this judgment-entry in the testimony introduced in his behalf. The State only introduced the very record to which the defendant's evidence referred; and in this there was no error.

The other exceptions to evidence are not, in our judgment, well taken. The assignments of error based on the charges given and refused, as we have said above, must be overruled on the authority of *Gandy v. The State*, 82 Ala. 61.

We find no error in the record, and the judgment is affirmed.