## CENTRAL WHARF AND WAREHOUSE COMPANY v. CITY OF CORPUS CHRISTI.

### Decided April 21, 1900.

**1. Case Followed.**

The former decision in this case (City of Corpus Christi v. Central Wharf Company, 8 Texas Civil Appeals, 94), to the effect that the contract sued on herein was ultra vires, but that, having been fully /executed by the parties thereto, such defense could not be urged by the defendant in the action, is adhered to.

**2. Municipal Corporations—Constitutional Law.**

The Act of March 15, 1875, repealing all other laws relating to the incorporation and franchises of the city of Corpus Christi, is not violative of article 12, section

46, of the Constitution of 1869 as amended in 1873, prohibiting the passage by the Legislature of any local or special laws incorporating cities or towns, or changing or amending their charters, since the intention of that article is to prohibit the granting of special favors by the Legislature, and not to deprive it of its inherent power of repealing its former laws.

**3. Same—City's Lease of Franchises Without Consideration.**

A lease by the city of Corpus Christi to a wharf company of certain rights and franchises granted to it by a former act of the Legislature which had then been already repealed by the Act of March 15, 1875, was wholly without consideration, and the city could not recover thereon.

APPEAL from Nueces. Tried below before Hon. M. F. LOWE.

*H. Grass, Jas. B. Wells* and *G. R. Scott & Bro.*, for appellants.

*Delmas Givens* and *McCampbells & Stayton*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against the Central Wharf and Warehouse Company as principal, and the appellants Gussett and Heath as sureties, to recover upon a bond and contract of lease executed by appellants on the 26th day of June, 1881, the sum of $9000, with interest alleged to be due upon said lease contract. The appellants answered by general and special exceptions, general denial, and special plea of failure of consideration, and set up other special matters of defense which we deem unnecessary to consider. The trial of the cause in the court below resulted in the judgment for the appellee for the amount sued for, from which judgment this appeal is prosecuted. This is the second appeal of this case, and the opinion of this court on the former appeal reported in 8 Texas Civil Appeals, 94, is referred to for a statement of the facts of the case not disclosed in this opinion. In its former opinion this court held that the contract sued on was ultra vires and unenforcible as an executory contract, but that the same having been fully executed by the parties hereto, the defense of ultra vires could not be urged by appellants, who are alleged in the petition to have held, used, and enjoyed the privileges, rights, profits, and revenues arising under said lease contract. We have no doubt as to the soundness of the former decision in this case, and this disposes of many of the issues presented on this appeal.

Without discussing the various assignments of error in detail, we are of the opinion that the petition upon which this case was tried alleges facts which show that the contract was fully executed, and that appellants have held and enjoyed such benefits thereunder, had the privileges and franchises leased to them been the property of appellee at or since the time of the execution of said bond, as would entitle appellee to recover the amount due upon said lease, notwithstanding its invalidity. We are also of opinion that the refusal of appellants to longer pay rent under said lease contract without any offer on their part to surrender any of the rights, privileges, and

franchises attempted to be conferred upon them by said lease, was not of itself such a disaffirmance of the contract as would prevent appellee's recovery thereon.

Appel'ants' twentieth assignment of error is as follows: "The court erred in rendering judgment for plaintiff, because said judgment is contrary to law in this. * * * Third. Because by reason of the said repealing act of the Legislature of March 15, 1875, and the force and effect thereof, plaintiff was divested of all ownership, right or interest in or to, and control of, all of the property, rights, franchises, privileges, etc., for the care, use, benefit etc., of which a recovery was sought, wherefore nothing could or did pass to it or was received by defendant company by reason of, or under, said supplemental lease; hence plaintiff was not entitled to, and could not recover any of the sums of money sued for, nor anything, by reason of said lease."·

The city of Corpus Christi was incorporated by act of the Legislature of February 16, 1852. This act was amended on February 13, 1854, and again on February 11, 1860, by which latter act the said city was granted power to levy taxes, to build wharves, ship channel, and harbor; to open streets on the bay side of the city to the channel inside the reef in front thereof; to construct, erect, maintain, and own wharves or piers at the end of such streets, and to fix rates of wharfage and collect the same on all goods, etc., landed upon such wharves or piers; to fill up such portions of the flats between ordinary low tide water mark and the channel inside the reef in front of the city on the bay side, the State thereby relinquishing all her rights and privileges in said matters to said city. On May 22, 1873, the Legislature passed an act reincorporating the city of Corpus Christi, by the provisions of which the said city was granted the power to have, exercise, and enjoy all the rights, privileges, and franchises then enjoyed and theretofore granted to said city. The boundaries of the corporation were fixed so as to include the harbor and anchorage of the port of Corpus Christi, the bars and entrances to the same at Aransas and Corpus Christi passes, and the channels and canals leading to the Gulf of Mexico from said point, the State relinquishing in favor of the city all and every right, title, and interest which she has or might have in and to the dominion or control over said waters, or the soil under the same.

It was given the power to remove and prevent obstructions in the bay, anchorage, harbor, etc., and to improve and preserve the navigation thereof; to erect, repair and regulate wharves, and to regulate the rates of wharfage owned and controlled by the city; to issue bonds for improvement of the harbor and entrance thereto, or the erection of wharves and piers on the east of the city; power to preserve the harbor, dredge, widen, and deepen the channels, to prevent, prohibit and punish the erection of wharves in Corpus Christi, etc., and to regulate coming to and departing from said wharves; vesting all property, real and personal, or mixed, before granted in the City of Corpus

Christi as hereby chartered, and quieting the said city in all powers, rights, etc., previously granted.

By an act of the Legislature approved March 15, 1875, the Act of May 22, 1873, reincorporating the city of Corpus Christi, and all other acts and laws relating to the incorporation and franchises of said city were repealed. Chap. 88, Spec. Laws, 2d Sess., 14th Leg. The city council of the city of Corpus Christi, by an ordinance passed April 6, 1876, undertook to accept the general incorporation act of 1875, and has since been acting thereunder. The contract of lease upon which recovery is sought in this case provides that said city thereby devises and leases to the defendant corporation all and every right, title, claim, privilege, and franchise held and owned by it under and by virtue of the special acts of the Legislature granting wharf and water privileges to said city, the intention being to lease, let, demise, transfer, and assign unto said company for and during the period of twenty years all of such rights, franchises, and privileges as the said city lawfully has, possesses, or is entitled to enjoy under and by virtue of the special acts of the Legislature of February 11, 1860, and the act reincorporating said city passed May 22, 1873. From this statement of the facts it is clear that if the repealing act of March, 1875, was a valid law, the appellee had no wharf privileges or franchises at the time the lease and bond sued on were executed, and said contract being wholly without consideration, appellee can not recover thereon.

Section 40, article 12, of the Constitution of 1869, as amended by joint resolution of the Legislature passed June 4, 1873, and ratified by vote of the people on December 2, 1873, is as follows:

"The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say, for locating or changing county seats; regulating county or town affairs; regulating the practice in courts of justice; regulating the duties and jurisdiction of justices of the peace and constables; providing for changes of venue in civil and criminal cases; incorporating cities or towns or changing or amending the charter of any city or village; providing for the management of common schools; regulating the interest on money; remitting fines, penalties, or forfeitures; changing the law of descent; and in all other cases where a general law can be made applicable no special law shall be enacted." Appellee contends that under this article of the Constitution, which was in force at the time of the passage of the Act of March, 1875, repealing the act incorporating the city of Corpus Christi and all laws granting privileges and franchises to said city, said act was invalid because prohibited by the article of the Constitution above quoted. We do not think this is the proper construction of this article of the Constitution. From a reading of the entire section it is clear that its object and meaning is to prohibit the granting of special favors by the Legislature, and to require that all legislation upon subjects therein enumerated should be equal and uniform. It certainly did not mean to take away from the Legis-

lature its inherent power of repealing any law theretofore passed by it, and we must hold that said repealing act is a valid law. In the case of Thompson v. State, recently decided, this court says that it would hesitate to hold that the provisions of the present Constitution requiring notice to be given of all local or special laws, applies to an act of the Legislature repealing the charter of a municipal corporation. This act was construed by the Supreme Court, in the case of Morris v. State ex rel. Gussett, 62 Texas, 728; and while no question was raised in that case as to its constitutionality, it was referred to by the court as a valid and subsisting law, and the issues raised in said cause were decided by the court with reference to said act as an existing law.

Said repealing act being a valid and constitutional law, it follows that the acceptance by the city on April 6, 1876, of the general incorporation act of 1875, conferred on said city none of the privileges or franchises granted to it by the special acts before referred to. The clauses in said general incorporation act, that "municipal corporations shall have the management and control of the finances and other property, real, personal, and mixed, belonging to the corporation," and "that all property, real, personal, and mixed, belonging to any city accepting the provisions of this act is hereby vested in the corporation created by this act," can have no reference nor application to franchises and privileges that had been taken away from said city for more than a year before the time it attempted to accept said general incorporation act. If the city of Corpus Christi has any wharf or water rights, privileges, or franchises, it certainly has no such privileges and franchises as it attempted to lease to the appellant company, and for the use and enjoyment of which appellants are sought to be held liable in this suit.

Because, in the opinion of this court, the contract sued on is wholly without consideration, appellee is not entitled to recover anything in this suit, and the judgment of the trial court should be reversed and judgment here rendered for appellants, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.