CITY OF SAN ANTONIO v. JOHNSON.*
(No. 5748.)

(Court of Civil Appeals of Texas. San Antonio. May 31, 1916. Rehearing Denied June 14, 1916.)

1. MUNICIPAL CORPORATIONS ⬥958—CHARTER—CONSTRUCTION—CONSTITUTIONAL PROVISIONS—"BARRED."

Charter of San Antonio, § 123, providing that all taxes delinquent for ten years before any suit is filed to collect the same shall be barred by limitation, is not violative of Const. art. 3, § 55, providing that the Legislature shall have no power to release or extinguish, in whole or in part, any indebtedness, liability, or obligation to the state, or any county or other municipal corporation, since the word "barred" does not mean released or extinguished, but is a plea or peremptory exception of a defendant to destroy the plaintiff's action; an impediment, obstacle, or preventive barrier.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2023–2037; Dec. Dig. ⬥958.

For other definitions, see Words and Phrases, Barred.]

2. STATUTES ⬥120(2)—CONSTRUCTION—CONSTITUTIONAL PROVISIONS.

Charter of San Antonio, including section 123, is not violative of Const. art. 3, § 35, providing that, except appropriation bills, no bill shall contain more than one subject, which shall be expressed in its title, since Const. art. 11, § 5, in 1903, read "cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature."

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 169; Dec. Dig. ⬥120(2).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by the City of San Antonio against J. B. Johnson for foreclosure of a tax lien. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. R. Gillette, Robt. G. Harris, and R. J. McMillan, all of San Antonio, for appellant. Leonard Brown, of San Antonio, for appellee.

SWEARINGEN, J. This suit was instituted by appellant against appellee, to collect taxes for the years 1881, 1885, and 1894 to 1908, inclusive, and for foreclosure of tax lien on certain property belonging to appellee, properly assessed for the taxes sued for. Appellee pleaded that under section 123 of the charter of appellant, which became operative in 1903, the taxes for the years 1881, 1885, and 1894 to 1902, inclusive, were barred by limitation. The case was tried without a jury upon an agreed statement of facts. Judgment was rendered in favor of appellee for the taxes and liens for the years 1881, 1885, and 1894 to 1902 inclusive, and in favor of appellant for the other taxes and foreclosure of liens therefor.

[1] The first error assigned is as follows:

"The court erred in rendering judgment upholding the validity and constitutionality of section 123 of defendant city's charter, in that said section is not in terms, intention or effect a limitation upon suits for taxes, but bars the debt, liability or obligation of the taxpayer to the city of San Antonio, contrary to and in violation of article 3, § 55, of the Texas Constitution."

Section 123 of the charter reads:

"All taxes delinquent for ten years before any suit is filed to collect the same shall be barred by limitation; provided, that this section shall not affect judgments already rendered, nor suits pending when this act takes effect, nor the validity of tax titles hereinbefore made, and provided further, that this section shall not take effect until one year after the passage of this act."

Section 55, art. 3, of the Constitution, which appellant claims is violated by section 123, reads:

"The Legislature shall have no power to release or extinguish, or to authorize the releas-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

ing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this state, or to any county or other municipal corporation therein."

Had section 123 used the word, "released" or "extinguished," appellant might, with some plausibility, have contended that section 123 is contrary to section 55, art. 3, of the Constitution. But the word, "barred" does not mean released nor extinguished. "Bar" means, as stated in appellant's learned brief, "a plea or peremptory exception of a defendant to destroy the plaintiff's action; an impediment, obstacle, or preventive barrier." 5 Cyc. 514. The impediment, obstacle, or preventive barrier that destroys appellant's action in this present case is the fact that the city allowed taxes to be and remain delinquent for a period of ten years before filing suit to recover them.

Appellant cited the opinion of Chief Justice Willie, in Willis v. Stroud, 67 Tex. 516, 3 S. W. 732, and it is interesting to note that the distinguished jurist uses the expression, "such a judgment was held barred," and the expression, "when limitation would bar it [judgment]." What was meant was that an action of scire facias or action of debt brought on the judgment was barred.

By section 123 in the charter, the Legislature fixed a period of limitation to suits by the city of San Antonio for the collection of taxes, which the Legislature had the unquestioned power to do. City of Houston v. Stewart, 40 Tex. Civ. App. 506, 90 S. W. 49; Link v. City of Houston, 94 Tex. 378, 59 S. W. 566, 60 S. W. 664; Ollivier v. Houston, 93 Tex. 201, 54 S. W. 940, 943.

The first assignment is overruled.

There is no merit in the second assignment, and it is overruled.

[2] The third assignment is as follows:

"The court erred in rendering judgment upholding the validity and constitutionality of section 123 of defendant city's charter, because the act, within which said section is embraced, violates the requirements of article 3, § 35, of the Texas Constitution, in that said act embraces more than one subject, and but one subject is expressed in the title thereto."

Section 35, art. 3, is as follows:

"No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Section 5, art. 11, of the Constitution, in 1903 read as follows:

"Cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature."

This last-mentioned provision of the Constitution empowers the Legislature to include in the city charter any and all provisions germane to a municipal corporation without reference to any other law. Taxation and limitation thereof are certainly germane. The law pertinent to this question is aptly stated by the Supreme Court of Texas, as follows:

"It is the purpose of the Constitution that the grant of power in the charter of a city having more than 10,000 inhabitants shall be complete without reference to any other law, notwithstanding it would be easy to provide for the exercise of the greater number of privileges granted to such cities by a general law applicable alike to all of them." City of Dallas v. Western Elec. Co., 83 Tex. 243, 18 S. W. 552: City of Oak Cliff v. State, 97 Tex. 389, 79 S. W. 1.

The third assignment is overruled.

The rule of law above discussed also disposes of the question raised by the fourth assignment of error, which is accordingly overruled.

There is no error in the judgment of the trial court, and it is affirmed.