OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 30, 1999

The Honorable José R. Rodríguez
El Paso County Attorney
County Courthouse
500 E. San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0101

Re: Constitutionality of an 1891 special law that purported to disincorporate the City of San Elizario (RQ-0030)

Dear Mr. Rodríguez:

You have requested our opinion regarding the constitutionality of an 1891 special law purporting to disincorporate the City of San Elizario ("the City"). For the reasons stated below, we conclude that the law is constitutional.

The town of San Elizario was incorporated by special act of the legislature in 1871. Act of Apr. 5, 1871, 12th Leg., R. S., ch. 42, 1871 Tex. Gen. Laws 83, *reprinted in* 6 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 1221 (Austin, Gammel Book Co. 1898). The town, contrary to its special charter, operated as a general law city, with the result that many land titles became clouded. In 1891, the legislature enacted a special law validating those deeds. Act approved Mar. 17, 1891, 22d Leg., R.S., ch. 4, 1891 Tex. Gen. Laws 5, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 233 (Austin, Gammel Book Co. 1898). The same legislature then repealed the 1871 act that had incorporated the City of San Elizario. Act approved Mar. 23, 1891, 22d Leg., R.S., ch. 11, 1891 Tex. Gen. Laws 24, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF Texas 1822-1897, at 252 (Austin, Gammel Book Co. 1898).

You indicate that, in 1997, a group of San Elizario residents organized and held at-large elections for city officers, purportedly under the charter and authority of the 1871 special law. In briefing submitted by the city attorney, the City of San Elizario argues that the 1891 act repealing the 1871 special law is unconstitutional, and that, as a result, the city council may operate San Elizario as a legally incorporated municipality. We will address each of the City's three contentions in turn. We begin, of course, with the presumption of constitutionality that attaches to every legislative act. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 1998); *Proctor v. Andrews*, 972 S.W.2d 729, 735 (Tex. 1998); *Smith v. State*, 898 S.W.2d 838, 846-47 (Tex. Crim. App. 1995) (en banc).

The City first asserts that no notice of intent to enact the 1891 repealing law was published in a local newspaper, in contravention of article III, section 57 of the Texas Constitution. That provision states:

> No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published, shall be exhibited in the Legislature, before such act shall be passed.

The City, contending that the repealing act fails to state that notice was published or exhibited to the legislature, raises an argument similar to the one rejected by the court of appeals in *Moller v. City of Galveston*, 57 S.W. 1116 (Tex. Civ. App.–Galveston 1900, no writ). In that case, the court said that "the passage of the act by the legislature is conclusive of the fact that due notice was given." *Id.* at 1120. Indeed, "[t]o hold otherwise would be to relegate to the courts the ascertainment of a jurisdictional fact for the legislature, and to unsettle every special or local law that has been passed since the adoption of the constitution." *Id*; *see also Cravens v. State*, 122 S.W. 29, 31 (Tex. Crim. App. 1909). It is consequently our opinion that the passage of the 1891 law itself is conclusive of the fact that notice as required by article III, section 57, was given.

The City also suggests that the 1891 law is invalid because a general law could have been drafted to accomplish the same purpose. Article III, section 56 of the Texas Constitution provides, in relevant part: "And in all other cases where a general law can be made applicable, no local or special law shall be enacted. . . ." A statute directed at a specific municipality is a "special or local law." *City of Fort Worth v. Bobbitt*, 36 S.W.2d 470, 471 (Tex. 1931). The 1891 act of repeal is thus a "special or local law" because it is directed at a particular municipality, *i.e.*, San Elizario. Specifically, the City contends that, prior to 1891, the legislature "passed general laws dealing with specially incorporated towns." For example, "[i]n 1881, the legislature enacted a general law that granted special-law municipalities that were incorporated as a town or village before June 30, 1881 the ability to amend their charters." Brief from John R. Batoon, Attorney at Law, to Opinion Committee, Attorney General's Office (June 17, 1999) (on file with Opinion Committee). The City argues that just such a general law could have been enacted and applied to the disincorporation of San Elizario.

*City of Oak Cliff v. State ex rel. Gill*, 77 S.W. 24 (Tex. Civ. App.–Dallas 1903), *aff'd* 79 S.W. 1 (Tex. 1904), involved a challenge to a special act of the legislature that purported to abolish the city of Oak Cliff and incorporate it within the corporate limits of the city of Dallas. One of the contentions advanced in that case was that the special law contravened article III, section 56, because

there already existed "a general law for the disincorporation of cities incorporated under the general laws." *Id.* at 25. The court said:

> The question whether a general law can be made applicable in any case is a question for the determination by the Legislature, and the courts will not interfere with their judgment in this respect. . . . The fact that a general law has been passed by the Legislature on the same subject does not affect the question.

*Id.* at 26. Subsequent cases have reached the same conclusion. *See, e.g., Logan v. State,* 111 S.W. 1028, 1029 (Tex. Crim. App. 1908); *Lamon v. Ferguson,* 213 S.W.2d 86 (Tex. Civ. App.–Austin 1948, no writ); *see also Smith v. Grayson County,* 44 S.W. 921 (Tex. Civ. App.–Dallas 1897, writ ref'd). On the basis of this authority, we conclude that the 1891 special law is not invalid for the reason that a general law could have been made applicable.

The City's last contention is that the 1891 special law, in purporting to abolish the City of San Elizario, contravened that portion of article III, section 56 that prohibits the legislature, by "local or special law," from "[i]ncorporating cities, towns or villages, or changing their charters." The City argues that the 1891 repeal of its charter was necessarily an act that "changed its charter." You contend, on the other hand, that the 1891 act is merely a *repeal* of an earlier law—one that *granted* the charter—and that article III, section 56, does not expressly prohibit such a repeal.

A similar situation was before the court in *Central Wharf & Warehouse Co. v. City of Corpus Christi,* 57 S.W. 982 (Tex. Civ. App.–Galveston 1900, writ ref'd). In that case, the appellee argued the invalidity, under a virtually identical provision of the 1869 Texas Constitution,[1] of an 1875 act repealing the special law that had incorporated the City of Corpus Christi. The court declared:

> From a reading of the entire section [on local and special laws] it is clear that its object and meaning is to prohibit the granting of special favors by the legislature, and to require that all legislation upon the subjects therein enumerated should be equal and uniform. *It certainly did not mean to take away from the legislature its inherent power of repealing any law theretofore passed by it, and we must hold that said repealing act is a valid law.*

*Id.* at 983 (emphasis added); *see also City of Oak Cliff,* 77 S.W. at 26.

In our view, the same principle is applicable to the City's assertion. Although the 1891 special law may from one perspective be viewed as an act "changing the City's charter," it may more

---

[1]Article XII, section 40, of the 1869 Constitution (as amended and ratified in 1873) provided that "[t]he legislature shall not pass local or special laws . . . incorporating cities or towns or changing or amending the charter of any city or village." *See Central Wharf,* 57 S.W. at 983.

properly be characterized merely as a law repealing an earlier law. And as the court noted in *Central Wharf*, repealing a previous law is an inherent power of the legislature. It is therefore our opinion that the 1891 special act of the legislature repealing its prior incorporation of the City of San Elizario does not contravene either section 56 or section 57 of article III of the Texas Constitution.

## S U M M A R Y

An 1891 special act of the legislature that repealed the legislature's previous incorporation of the City of San Elizario does not contravene either section 56 or section 57 of article III of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee