## Hickman, Mayor, et al. v. Kimbley.

(Decided December 15, 1914.)

### Appeal from Daviess Circuit Court.

1.  Constitutional Law—Section 51, Constitution—Amendatory Act.—
    An Act entitled "An Act to amend charters of cities of the third
    class," which proceeds in effect to amend Section 3459, Kentucky
    Statutes, by adding an additional section, without setting forth
    or re-publishing the section proposed to be amended, is violative
    of Section 51 of the Constitution, which provides that no law
    shall be amended by reference to its title only, but so much
    thereof as is amended shall be re-enacted at length.
2.  Municipal Corporations—Cities of the Third Class—Street Im-
    provements—Ordinance—Validity.—A   street   improvement   or-
    dinance in a city of the third class, enacted pursuant to an un-
    constitutional law providing for street improvements on the ten
    year bond plan, is invalid where there is no other statute author-
    izing such improvements on that plan.

GEO. S. WILSON for appellants.

LAVEGA CLEMENTS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

In the month of August, 1914, the General Council of
the city of Owensboro, a city of the third class, passed an
ordinance which was approved by the mayor on August 8,
1914, providing for the improvement of a portion of Third
street in that city on the ten-year bond plan, as provided
by an act of the General Assembly entitled "An Act to
amend the charters of cities of the third class," which
was approved by the Governor on March 18, 1912. (See
Acts 1912, Chapter 113.) Bids for the construction of
the street in accordance with the terms of the ordinance
were called for by advertisement, when plaintiff, Hugh
Kimbley, who owns property on Third street, brought
this action against the mayor and city engineer of the
city of Owensboro, and the city of Owensboro, to enjoin
the proceedings under the ordinance on the ground that
both the act under which the ordinance was enacted and
the ordinance itself were unconstitutional. A permanent
injunction was granted, and the defendants appeal.

So much of the act in question as is material is as
follows:

"An Act to amend the charters of cities of the third
class.

"Sec. 1. Chapter 89 of the Kentucky Statutes, Carroll's Revision of 1909, the same being the charter of cities of the third class, is hereby amended by adding thereto after section 3459 thereof the following section as section 3459a, which section shall read as follows, to-wit:

"Section 3459a. The common council may provide that the construction or reconstruction of any of the sewers, streets, alleys, public ways and sidewalks shall be made on the ten (10) year plan; and thereupon when any such improvement or reimprovement has been completed and accepted a notice shall be given by publication in a newspaper of general circulation published in the city, requiring the property owner to pay the assessments made against their property for such work; and if such assessments be not paid by such property owners, then to provide a fund for the payment of such portion of the entire cost of such improvement or reimprovement as the property holders shall be liable for, but may not pay in cash in conformity with said notice the common council is authorized to borrow money at a rate of interest not exceeding six per cent per annum in anticipation of the collection of a special tax or assessment for such improvement or reimprovement from such property holders, and to issue the bonds of the city therefor in manner and form herein provided, pledging the liens on the property and any fund which the city may have set apart for said purpose and the faith and credit of the city where the city has been authorized to pledge its faith and credit, or any or all of said pledges may be given by the city for the payment of the principal and interest of said bonds as the city may desire. The city may, if it so desires, and has been authorized by law, to pledge the faith and credit of the city in payment of its part of the cost of any improvement made hereunder, issue bonds for its part of the cost of the improvement in like manner as is herein provided for the issual of bonds in payment of the cost of the improvement on behalf of the property holders. But said city may assess the entire cost of such improvement or reimprovement against the property owners and issue bonds therefor as herein provided."

The section then proceeds to describe the character of bond to be issued, and the method of enforcing the lien on the abutting property, by which the bonds are secured.

Section 51 of the Constitution is as follows: ·

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

It will be observed that the title to the act is "An Act to amend the charters of cities of the third class." The body of the act purports to amend Chapter 89, Kentucky Statutes. However, Section 3459a is plainly an amendment of Section 3449, being part of an act approved June 14, 1893, entitled "An Act for the government of cities of the third class." The amendatory act did not repeal or purport to repeal Section 3449, but merely amended it. Section 3449 provided for the improvement of streets, alleys, sidewalks and public ways in such manner as the city council might think proper, while the amendatory section sets out in detail the manner in which the improvement might be made, leaving Section 3449 undisturbed except as it was changed by the amendatory act. When the Legislature desires, by alteration or addition, to amend a section of an act without referring to the Kentucky Statutes, or a section of the act as it appears in the Kentucky Statutes, it may do so by amending the section of the act as it appears in the act under a title that will identify clearly the title of the act proposed to be amended, or it may amend the section according to its number in the Kentucky statutes, under a title giving the section of the Kentucky Statutes proposed to be amended; and, whichever method is adopted, the body of the new act should contain the section as it will read when revised or amended, if it is the purpose to re-enact or leave in force any part of the section amended or revised. The amendatory act did not do this. It did not republish any part of Section 3449 that was, in fact, amended by Section 3459a. It left the original section in force, but amended it by adding to it the new matter contained in the amendatory act. It follows that the amendatory act violates the provisions of Section 51 of the Constitution.

But it is insisted that, as the amendatory act of 1912 relates only to the method of paying for the improvements, that part of the ordinance enacted pursuant thereto may be disregarded, and the remainder of the

ordinance held valid under existing statutes. The existing statutes, however, do not provide for street improvements on the ten-year bond plan. The ordinance in question is very comprehensive, and not only follows closely the provisions of the amendatory act of 1912, but distinctly provides "that the improvements provided for in this ordinance shall be made on the ten-year plan, as provided by act of the General Assembly entitled "An Act to amend the charters of cities of the third class," which was approved by the Governor of the Commonwealth of Kentucky on March 18, 1912, and which is Chapter 113 of the Acts of the General Assembly of Kentucky of 1912. There being no other statutes authorizing street improvements on the ten-year plan, it is not to be presumed that the general council would have enacted the ordinance in question had they not believed that it was authorized by the act of 1912. The plan of paying for the improvements is such a material part of the ordinance that it is impossible to separate the plan of payment from that part of the ordinance ordering the improvement. In other words, the construction itself and the plan of payment are so closely related, and so dependent the one on the other, that if the plan of payment fails because unauthorized by law, that part of the ordinance ordering the construction must also fail. We, therefore, conclude that the entire ordinance is invalid.

Judgment affirmed.