## Hall, et al. v. Clay, Commissioner of Insurance.

(Decided January 19, 1915.)

### Appeal from Franklin Circuit Court.

Statutes—Amendment, Revision and Codification.—By Section 2 of Chapter 114 of the Acts of 1912, it was sought to amend Section 661, Kentucky Statutes, without re-enacting and republishing same, or the part thereof intended to remain in effect. Held: that the Section is void for failure to conform to the requirements of Section 51 of the Constitution.

KEITH L. BULLITT for appellant.

HAZELRIGG & HAZELRIGG, L. APPERSON, J. A. JUDY, JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Hannah—Reversing.

H. E. Hall and others, in the manner provided for in Section 661, Kentucky Statutes, applied to the Commissioner of Insurance for the State of Kentucky for a license or certificate of incorporation, granting to a company sought to be organized by them authority to do business as an Assessment or Co-operative Life Insurance Company, which authority the Commissioner declined to grant upon the ground that the incorporators

had failed to comply with Section 2 of Chapter 114 of the Acts of 1912, requiring that a guarantee fund of the value of $100,000 be deposited with the State Treasurer, as a condition precedent to the granting of such authority.

The applicants then instituted this mandamus proceeding in the Franklin Circuit Court to coerce the granting of the authority sought, and the lower court declined to issue the writ. The plaintiffs appeal.

The only question presented upon the appeal is the constitutionality of the act mentioned, appellants contending that it is violative of the requirements of Section 51 of the Constitution.

Prior to 1914, the law governing Assessment or Co-operative Life Insurance Companies was Sub-division 3 of Article 4 of Chapter 32, Kentucky Statutes, 1909 Edition, being Sections 660 to 681, both inclusive.

In 1912 the General Assembly enacted Chapter 114 of the Acts of 1912, p. 384; and provided in Section 2 of that Chapter that Sub-division 3 of Chapter 32, Kentucky Statutes, should be further amended by adding thereto after Section 681 certain provisions, the effect of which, briefly stated, was to require the deposit with the State Treasurer of a fund of the value of $100,000 by insurance companies of the character sought to be incorporated by the plaintiffs in this action. before commencing business.

This fund of $100,000, provided for and required by the act of 1912 to be deposited with the State Treasurer, is to be realized from the sale of Guarantee Fund Certificates.

Now, Section 661, which is a part of Chapter 32, Article 4, Sub-division 3, Kentucky Statutes, requires (as amended by Acts 1910, Chapter 103) that a trust fund of at least $10,000 shall be deposited by insurance companies of the kind here involved before they shall be authorized to commence business. It also requires that there shall have been secured at least two hundred subscribers for insurance in the aggregate amount of not less than two hundred thousand dollars; and the $10,000 trust fund is to be realized by a five per cent. assessment on these subscribers.

But the act of 1912 (Chap. 114, Sec. 2), after providing for the guarantee fund of $100,000, further provides that companies making this deposit with the State

Treasurer shall not be required to make or maintain any other or additional deposit.

And to this extent the act of 1912, Section 2, is amendatory of Section 661, Kentucky Statutes. Whether the whole of Section 661 was intended to be repealed, and the Legislature meant to dispense also with the requirement that the company should have two hundred subscribers for insurance aggregating at least two hundred thousand dollars as a condition precedent to the right to commence business, is left a matter of uncertainty.

It was to prevent just such conditions as this that Section 51 was included in the Constitution. No part of Section 661 was re-enacted or re-published. It follows, therefore, that Section 2 of Chapter 114, Acts 1912 (and Sections 3, 4, and 5, which are really sub-sections of Section 2) are violative of the constitutional requirement set up in Section 51 thereof.

We deem it unnecessary to discuss at length the purpose, nature and effect of Section 51 of the Constitution. The matter has been thoroughly considered and discussed in the recent cases of Spencer v. Board of Prison Commissioners, 159 Ky., 255, and Hickman v. Kimbley, 161 Ky., 652.

In the latter case it was sought to amend Chapter 89, Kentucky Statutes, by adding, after Section 3459, a section to be known as Section 3459a. This proposed new section, however, was amendatory in fact of a former section, 3449, no part of which was re-enacted or republished; and the court held that there was a failure to conform to Section 51 of the Constitution. The decision in the Hickman case forecloses the question here presented.

The judgment is reversed for proceedings consistent with the views herein expressed. Whole court sitting.