## City of Henderson v. Henderson Traction Company.

(Decided June 22, 1923.)

### Appeal from Henderson Circuit Court.

1.   Street Railroads—Third Class City Cannot Grant Franchise Without Requiring Company to Pave Between Tracks.—The limitation of Kentucky Stats., section 3290, upon the power of third class cities in granting street power franchises, which prohibits such franchise without requiring the company to pave between the tracks, is mandatory, and a franchise granted without such re-

quirement, either expressed or implied, would be void, and the provision of section 3450, relating to the assessment of such cost where the payment is required by the franchise, applies whether the requirement is expressed or implied.

2.  Street Railroads—Existing Law Part of Franchise.—Both parties to the grant of a street railroad franchise are presumed to know the law and contract with reference thereto, and such law becomes as much a part of the contract as if written into it, especially in case of an executed contract.

3.  Street Railroads—Construction of Franchise Rendering it Legal Favored.—Where a street railway franchise is susceptible of two constructions, one legal and the other not, that interpretation will be adopted which will support the franchise and make it operative.

4.  Street Railroads—Requirement Company Shall Pave Between Tracks Implied in Franchise Not Expressing it.—In a street railway franchise granted by a city of the third class, a requirement that the company shall pave between the tracks as required by Kentucky Stats., section 3290, is to be considered as if written therein, so that an ordinance assessing the company for such payment, in the manner prescribed by section 3450, was valid, although there was no express requirement to that effect in the franchise.

5.  Municipal Corporations—Provision of Statute Relating to Cost of Improvement Valid.—The provision of Ky. Stats., section 3450, relating to a lien upon the corporate franchise and property of a street railway company, to secure the cost of its part of the improvement, is valid.

B. S. MORRIS for appellant.

FUNKHOUSER, FUNKHOUSER & MARKEL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS---Reversing.

The Henderson Traction Company operates a street railway in the city of Henderson by virtue of a franchise granted it by the city, July 19 and August 6, 1918. Hereinafter the names of these parties will be abbreviated to the "company" and the "city" respectively.

In accordance with the provisions of section 3450, Kentucky Statutes, the city by a duly adopted resolution on July 2, 1922, and ordinance enacted April 23, 1923, provided for the improvement of a certain portion of Main street in that city, by draining, grading, constructing and paving same in one or more ways therein set out, and among other things further provided that the company should pay the cost of such improvements be-

tween the rails of its track, and for a distance of twelve inches on the outside of each rail. The latter declined to do so, and this suit was brought under the Declaratory Judgment Act to test the validity of the various ordinances, and to secure a construction thereof, and of the statutes applicable thereto.

The distinguished judge of the lower court was of the opinion and held that the company was not required by its franchise nor by its contract with the city to pay for the improvements specified, and that so much of the ordinance as provided for such payment by the company was void. He was further of the opinion that certain parts of section 3450, Kentucky Statutes, were unconstitutional and void, and the city prosecutes this appeal from his decree.

The power to provide for street improvement and its attendant cost is given cities of the third class by section 3450, Kentucky Statutes. The part applicable to street railway companies is as follows:

"When in any such city having therein a street railway, and the railway company is required by its franchise, or by any contract with the city to pave or improve any part of the streets or alleys of the city proposed to be improved, the cost of paving such portions of such streets or alleys, shall be assessed against such railway company and a tax shall be levied upon all property, assets and franchises of such company in the city for the payment thereof."

The same section defines *improvement* thus:

"The improvement of any public way or sidewalk by original or reconstruction or by resurfacing upon a foundation already in place shall be deemed an improvement within the provisions of this act."

Authority is given such cities to grant franchises to city railways by section 3290, subsection 35, which reads in part:

"Said city shall reserve the right to require such companies to conform to any changed or altered grades of said streets and public grounds to pay the cost of paving or otherwise improving between its rails, and for reasonable distance on either side thereof."·

In the case of Board of Council of Frankfort v. Morris, 200 Ky. 59, this day decided, the provisions of these two sections were considered, and in reference to the part quoted from section 3290, the court said:

· "Under the first section, the city may or may not, either in its franchise or otherwise contract with the railway company for the latter to pay the costs of the improvements between its rails and adjacent thereto, but it (the city) cannot surrender its right to require such payment and this right must be reserved in the franchise to be exercised at the time the ordinance providing for the improvement is enacted."

And in reference to section 3450:

"The second section relating to the costs of improvement contemplates the existence of a franchise or of other contracts in which the railway company is required to pay the costs of such improvement; but it is equally applicable to those in which the right to require such payment is reserved under section 3290 and the city council has exercised its option and directed such payment. It will thus be seen that these two sections harmonize and should be construed together; in no event does the latter repeal or amend the former as they relate to entirely different subjects, besides they in no way conflict with each other."

We have thus held that the limitation in section 3290 is mandatory, and that in granting a franchise to a street railway company a city must reserve the right to require payment of the costs of the street improvements mentioned therein, and that this right cannot be surrendered. It follows that a valid franchise cannot be granted to such company without a provision to that effect either express or implied. In this franchise the right of the city to require such payment was not reserved in terms and as the city could not grant a franchise without such reservation, unless it can be implied, the ordinance itself is invalid.

But the parties are presumed to know the law and contract with reference thereto and that law becomes as much a part of the contract as if written in it. 13 C. J. 560, and cases cited; 6 R. C. L. 855; Armour Packing Co. v. U. S. 209 U. S. 56; G. C. & S. F. R. Co. v. Heffley, 158 U. S. 99; Deweese v. Smith, 66 L. R. A. 971; First National Bank v. Doherty, 156 Ky. 386; Jefferson Co. Bd. of Ed. v. Luttrell, 173 Ky. 78; Clarey v. Union Central Life Ins. Co., 143 Ky. 540; Collins v. Collins, 79 Ky. 88; Henderson Belt Line Ry. Co. v. Dechamp, &c., 14 L. R. 44; Denver v. N. Y. Trust Co., 229 U. S. 123.

The rule is thus stated in the text of Ruling Case Law, vol. 6, page 855:

"The existing statutes and the settled law of the land at the time a contract was made become a part of it, and

must be read into it.   All contracts are therefore to be construed in the light of the rules and principles of law applicable to the subject matter of the transaction, and those rules and principles control the rights of the parties except where the contract discloses an intention to depart therefrom.''

In the case of Denver v. N. Y. Trust Co., *supra,* the statute limited the grant of a franchise by the municipality to twenty years.   After the expiration of the company's charter it claimed that under certain of its provisions the company was required to either purchase its property or renew its charter; the city was refusing to do either.   There were a number of provisions in the charter contract.   The court said, however, in reference to the limitations: ''The limitations became a part of the ordinance quite as much as if written into it.''

The principle is especially applicable to executed contracts where a matter of public policy is involved, or where they relate to matters that are covered by statutory provisions such as the case we have in hand.   Directly in point are the rate cases.   Where a classification of railway rates has been made and an attempted contract varying the statutory rate has been entered into by the carrier and shipper or passenger the courts have invariably upheld the classification rate and required a refund or payment (as the case may be) to conform to the statutory rate, and this without reference to the intention of the parties.   Armour, &c. v. U. S., 209 U. S. 56.   See also Deweese v. Smith, 106 Fed. 438; Union Central Life Ins. Co. v. Pollard, 94 Va. 146; 36 L. R. A. 271, and the notes cited in the case of Armour & Co. v. U. S., 14 L. R. A. 400.

In this case the franchise was granted in 1918 and has been accepted and exercised by the company for five years.   It is now making no claim as to the invalidity of the ordinance and it will certainly not be presumed that it intentionally purchased a void franchise.

Another principle of law that fits in at this place is that the presumption is in favor of the validity of the transaction and if it be susceptible of two meanings, the one legal and the other not, that interpretation will be put upon it which will support and give it operation.   Bibb, &c. v. Miller, 11 Bush 309; Henderson Belt Line Railway Co. v. Dechamp, *supra;* Berry v. Frisbie, 14 Rep. 44; First National Bank v. Doherty, 156 Ky. 386.

We therefore conclude that it was the intention of the parties to make a valid contract and that it should be construed as if the limitation, *supra,* upon the city's power to grant a franchise had been written therein. It follows that the resolution and ordinance of the city, dated August, 1922, and April, 1923, providing for street improvements were not invalid as applied to the company.

In reference to the alleged invalidity of the provision of section 3450, Kentucky Statutes, which relates to the lien upon the corporate franchise and property to secure the cost of its part of the improvement, this question was fully considered in the case of the City of Newport v. Silva, 143 Ky. 704, and Henderson Traction Co. v. City of Henderson, 178 Ky. 124, and we adhere to the views therein enunciated.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.