## Common Council of City of Frankfort v. Morris.

(Decided December 21, 1923.)

### Appeal from Franklin Circuit Court.

1. Street Railroads—Purchaser of Franchise Must Pay Cost of Paving, though  Not Mentioned.—In view of Ky. Stats., section 3290, subsection 35, purchaser of franchise to operate a street railroad in a city of the third class must pay the cost of paving between its rails, though the franchise is silent in that regard, and such silence does not invalidate the franchise.

2. Contracts—Any Modification that Parties May Subsequently Make May be Incorporated.—Any modification of the terms of a contract the parties may subsequently make they may incorporate therein originally.

3. Street Railroads—Franchise for Indefinite Period Valid.—Under Ky. Stats., section 3290, subsection 35, a franchise to operate a street railway in a city of the third class for not exceeding twenty years, the purchaser having the right to terminate it at any time by giving ten days' notice, is valid, though the purchaser by terminating it may avoid payment for street improvements.

JAMES H. POLSGROVE for appellant.

MORRIS & JONES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By this action a citizen sought and obtained an injunction preventing a sale of a franchise to operate a street railway in Frankfort, a city of the third class.

By subsection 35 of section 3290, the common councils of such cities are empowered to sell such a franchise "for a term not exceeding twenty years," but must reserve the right to require the purchaser among other things "to pay the cost of paving or otherwise improving

between its rails and for reasonable distance on either side thereof.''

We held, in Board of Council of Frankfort v. Morris, 200 Ky. 59, 252 S. W. 142, that the city may or not, in the franchise or otherwise, contract for payment by the purchaser of street improvement between the rails, etc., but that this right cannot be surrendered and must be reserved.

However, in City of Henderson v. Henderson Traction Co., 200 Ky. 183, 254 S. W. 332, we held that a failure expressly to reserve the right in the franchise did not render the franchise invalid, since it would be presumed the parties knew the law and intended to act validly, and that such a provision would be read into the franchise contract by necessary implication.

We must therefore read into the involved franchise such a provision, and it is not invalid because of its omission.

The remaining question presented by the appeal is, whether the franchise is invalid because it is for ''an indeterminate period of not exceeding twenty years . . . the purchaser having the right to fully, finally and immediately terminate this contract at any time within said period of twenty years by giving the city of Frankfort ten days' notice in writing of such intention to terminate, and at the expiration of said ten days this franchise shall be fully, finally and immediately terminated.''

No case directly in point has been found, but the only limitation upon the city's power relating to the duration of the franchise is that it shall be ''for a term not exceeding twenty years;'' and, as this franchise cannot extend beyond that time, it is valid unless because of the right of the purchaser to terminate it at will within that period.

It is clear the city could have made the franchise cover any definite number of days, months, or years less than twenty that in its discretion seemed wise or desirable, and there seems no doubt it could have provided for its duration throughout any such period unless sooner terminated by agreement of parties, or unless revoked for failure of the purchaser to comply with its terms. 19 R. C. L. 1162, and notes.

If the city council and the owner may terminate a franchise by agreement at any time before its expiration after it has been granted and accepted, why may they not validly agree beforehand how it may be terminated by either party within its ultimate period of duration? There certainly is no such limitation either expressed or implied upon the power of the city council, or it could not agree to a cancellation before the expiration of the contract period. The result to all parties to or interested in the contract is precisely the same in either event, and it seems to us axiomatic that any modification of the terms of a contract the parties may subsequently make, they could have incorporated therein originally.

The single objection urged by the taxpayer plaintiff is, that the purchaser's option to terminate the franchise at any time upon ten days' notice will enable him to prevent the city's exercise of its option to require him to pay for street improvements, and that being unable to procure a purchaser otherwise, this provision was included for that very purpose.

But the city's option to require payment for street improvements, although necessarily a part of the franchise as we have seen, can only last so long as the franchise, and may or may not be exercised as the city council elects. Hence the right to exercise that option is neither denied nor lessened by the right of the purchaser to terminate the contract at will, since until the contract is terminated—that is, throughout its life—the city's right to impose improvement costs exists.

In other words, the city's right to impose such costs necessarily continues as long as the franchise does, so even if we might asume the present city council is attempting to waive the city's right to coerce payment by the franchise purchaser of street improvement costs, which it may not do, the attempt can only result in a termination of the franchise, and not in a waiver of the city's option during the life of the franchise to require the owner to pay improvement costs.

It follows that since the present or any subsequent council may require the purchaser to pay the costs of street improvements at any time it may elect to do so during the life of the franchise, there is no reasonable ground for complaint upon the part of a citzen or interference by a court of equity simply because the contract

may be terminated by the franchise purchaser before the city may elect to assess street improvements against it.

As the chancellor enjoined the sale of the franchise, the judgment is reversed with directions to dismiss the petition.

The whole court sitting.