## City of Paducah, et al. v. Jordan.

(Decided March 24, 1925.)

### Appeal from McCracken Circuit Court.

Statute—Amendment Extending Statute Regulating Plumbers to Cities of Second Class Held Unconstitutional as Not Setting Out Provisions as Amended.—Acts 1924, c. 90, amending Ky. Stats.,

sections 3037f-1, 3037f-15, requiring supervision and inspection of plumbers in cities of first class, by inserting word "second," thereby making statute applicable to cities of second class, held to violate Constitution section 51, because not setting out sections or subsections as amended.

ARTHUR Y. MARTIN for appellants.

EATON & BOYD for appellee.

OPINION OF THE COURT BY. JUDGE CLAY—Affirming.

In the year 1914, the General Assembly passed "An act to secure the registration of plumbers, and the supervision and inspection of plumbing and drainage in cities of the first class." Acts 1914, chapter 22, page 89. The act became a law and may be found in the Kentucky Statutes as section 3037f-1 to 3037f-15.

In the year 1924, the General Assembly enacted chapter 90, Acts 1924, by which it sought to extend the provisions of the act of 1914 to cities of the second class. The latter act is as follows:

"An act to amend section 3037f, Carroll's Kentucky Statutes (1922 edition), relating to the registration of plumbers and the supervision and inspection of plumbing and drainage in the cities of the first class, making it apply to cities of the second as well as the first.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. The word 'second' be inserted in line three (3) of section 3037f-1 of Carroll's Kentucky Statutes 1922 edition, after the word 'first' and before the word 'class,' making said line read, 'cities of the first and second class.'

"Section 2. The word 'second' be inserted in line two (2) of section 3037f-3 of Carroll's Kentucky Statutes, 1922 edition, after the word 'first' and before the word 'class,' making said line read, 'every city of the first and second class.'

"Section 3. The word 'second' be inserted in line two (2) of section 3037f-8 of Carroll's Kentucky Statutes, after the word 'first' and before the word 'class,' making said line read, 'cities of the first and second class.'

"Section 4. The word 'second' be inserted in line two (2) of section 3037f-10 of Carroll's Ken-

tucky Statutes, 1922 edition, after the word 'first' and before the word 'class,' making said line read, 'cities of the first and second class.'

"Section 5. The purpose of this act is to extend the existing law embodied in sections 3037f-1 to 3037f-15, Carroll's Kentucky Statutes, 1922 edition, which applies only to cities of the first class and to cities of the second class."

Pursuant to the provisions of the act, a board of plumbing examiners and a plumbing inspector were appointed in Paducah.

Claiming that the act violates section 51 of the Constitution, Sam Jordan, a plumber doing business in Paducah, a city of the second class, brought this suit against the city, the members of the board of plumbing examiners, and the plumbing inspector, to enjoin them from requiring him to submit to an examination, and from otherwise interfering with him in the conduct of his business as a plumber. The court held the act unconstitutional and granted plaintiff the relief prayed for. The city and its plumbing officials have appealed.

Section 51 of the Constitution is as follows:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

Construing this section in Hickman v. Kimbley, 161 Ky. 652, 171 S. W. 176, we said :

"When the legislature desires, by alteration or addition, to amend a section of an act without referring to the Kentucky Statutes, or a section of the act as it appears in the Kentucky Statutes, it may do so by amending the section of the act as it appears in the act under a title that will identify clearly the title of the act proposed to be amended, or it may amend the section according to its number in the Kentucky Statutes, under a title giving the section of the Kentucky Statutes proposed to be amended; and, whichever method is adopted, the body of the new act should contain the section as it will read

when revised or amended, if it is the purpose to re-enact or leave in force any part of the section amended or revised."

To the same effect is Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017, where we used the following language:

"When it is proposed to revise or amend one or more sections of the Kentucky Statutes, or an act, the body of the new act should contain the section or sections as they will read when revised or amended, if it is proposed to re-enact or leave in force any part of the section or sections that are amended or revised."

Looking at the act in the light of these rules, it will be found that it proposes to amend a particular section of the Kentucky Statutes, and make its provisions apply to cities of the second class. It attempts to do this by inserting the word "second" in four of the subsections of the section involved. Though it proposes to leave the old section in force, it does not set out that section as it will read when amended, or even the subsections in their amended form. In other words, the case is one where the members of the General Assembly were required to vote on a mere skeleton of an act with no way of knowing its meaning or effect, except by recourse to the old law which it was proposed to amend. It was precisely this situation that section 51 of the Constitution was intended to prevent. That the act plainly violates its provisions there can be no doubt, and the McCracken circuit court did not err in so holding.

Judgment affirmed.